UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 1:18-cv-00616 |
| | § | |
| v. | § | |
| | § | |
| VIRGINIA PARK, Individually and as Representative of the Estate of Frank R. Park, Deceased, REBECCA PARK, AND PHILLIP PARK, | § § § § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

Plaintiff The Cincinnati Specialty Underwriters Insurance Company ("CSU") files this lawsuit pursuant to the Federal Judgment Act found at 28 U.S.C. § 2201 for a declaration that CSU has no duty to defend and indemnify Thomas Erickson, Valerie L. Erickson (collectively, "the Ericksons"), and T&V Optimum d/b/a Optimum Steel Industries ("Optimum") ("collectively the "Underlying Defendants") in the Underlying Lawsuit.  In support of this Complaint, CSU respectfully shows as follows.

## I.

## PARTIES, JURISDICTION AND VENUE

1.1     Plaintiff CSU is domiciled in Delaware with its principal place of business in Cincinnati, Ohio.

1.2     Defendant Virginia Park, Individually and as Representative of the Estate of Frank R. Park is an individual and resident of Caldwell County, Texas.  Virginia Park can be served at 1055 Oak Grove Road, Luling, Texas 78648 or wherever she may be found.

1.3     Defendant Rebecca Park is an individual and resident of Caldwell County, Texas. Rebecca Park can be served at 9520 Spectrum Dr., Apt. 3102, Austin, Texas 78717 or wherever she may be found.

1.4     Defendant Phillip Park is an individual and resident of Caldwell County, Texas. Phillip Park can be served at 1055 Oak Grove Road, Luling, Texas 78648 or wherever he may be found.

1.5     This declaratory judgment action is brought under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.  The jurisdiction of this Court is based upon the diversity of the Plaintiff from the Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Because the parties to this lawsuit are citizens of different states and the amount in controversy exceeds $75,000, this Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332.

1.6     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants reside in the judicial district and the underlying lawsuit giving rise to the claims at issue is in this district.

## II.

## BACKGROUND

2.1     This declaratory judgment action arises from a lawsuit filed in the 419th Judicial District of Travis County, Texas, styled as Cause No. D-1-GN-17-005705; *VIRGINIA PARK, Individually and as Representative of the Estate of Frank R. Park, Deceased, REBECCA PARK,*

and PHILLIP PARK v. Thomas S. Erickson and Valerie L. Erickson d/b/a T&V Optimum, LLC d/b/a Optimum Steel Industries ("Underlying Lawsuit").  Plaintiffs' Original Petition will be referred to throughout as the "Petition".  A copy of the Petition is attached as *Exhibit A*.

2.2     Thomas S. Erickson and Valerie L. Erickson filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, said bankruptcy case being styled *In re Thomas Shawn Erickson and Valerie Lynn Erickson,* Case No. 16-10437-tmd, in the United States Bankruptcy Court, Western District of Texas, Austin Division (the "Bankruptcy Case"). The bankruptcy stay in the Bankruptcy Case was recently lifted so Virginia Park, Individually and as Representative of the Estate of Frank R. Park, Deceased, Rebecca Park, and Phillip Park could pursue claims against Thomas and Valerie Erickson and any insurance proceeds the Ericksons may be entitled to.  The Underlying Lawsuit is proceeding forward now that the Bankruptcy case was lifted.

2.3     CSU issued Commercial General Liability policy number CSU0068933, effective from April 3, 2015 to April 3, 2016, to Optimum Steel Industries (the "Policy").  Optimum Steel Industries is a d/b/a of T&V Optimum, LLC.  Thomas Erickson and Valerie Erickson are managing members of T&V Optimum, LLC, and thus, qualify as insureds under the Policy but only with respect to the conduct of the named insured's business.

2.4     Virginia Park, Individually and as Representative of the Estate of Frank R. Park, Deceased, Rebecca Park, and Phillip Park (collectively "the Parks") are the Plaintiffs in the Underlying Lawsuit and are interested parties in the present declaratory judgment action because they are looking to recover Optimum's insurance proceeds under the CSU Policy at issue.

2.5     The Petition in the Underlying Lawsuit alleges on or about November 9, 2015, and at all times material to the Underlying Lawsuit, Frank R. Park ("Frank Park") was an

employee working in the course and scope of his employment with Optimum. The Petition alleges the Underlying Defendants, by and through its agents, representatives, employees, and supervisor, who were at all times acting in the course and scope of their employment and/or agency for the Underlying Defendants, assigned Frank Park, deceased, to perform tasks which lead to his death, provided the equipment involved in the incident, and provided instructions to Frank Park concerning the performance of his job in inspecting and servicing the injury-causing vehicle and equipment.

2.6     The Petition alleges the Underlying Defendants instructed Frank Park to perform inspection, servicing or maintenance underneath a motor vehicle. The Petition alleges the vehicle in question was elevated by one or more floor jacks only, which were not equipped with safety locks or other collapse-preventable devices. The Petition alleges the Underlying Defendants neither provided, required, nor made reasonably available the use of stationary floor jacks or shift-preventative equipment. The Petition alleges as Frank Park performed his work duties as directed, the floor jack(s) collapsed, crushing his lungs and preventing oxygen supply to his brain, leaving him brain dead.

2.7     The Parks allege the Underlying Defendants failed to use ordinary care in providing a safe workplace for their employees in at least one or more of the following ways and that such actions and/or omissions constitute negligence and are the direct and proximate cause of the injuries, damages and subsequent death of Frank Park:

      a.     Failing to provide safe equipment;

      b.     Failing to require the use of proper and safe equipment in the course and scope of work performed by the Underlying Defendants' employees;

---

     c.      Failing to provide policies requiring the use of proper and safe equipment in the course and scope of work performed by the Underlying Defendants' employees;

     d.      Failing to enforce policies requiring the use of proper and safe equipment in the course and scope of work performed by the Underlying Defendants' employees;

     e.      Requiring and/or permitting employees, including Plaintiff, to work under unsafe workplace conditions and with improper and unsafe equipment while in the course and scope of their employment;

     f.      Requiring and/or permitting employees including Plaintiff, to work under unsafe workplace conditions that the Underlying Defendants knew, or reasonably should have known, constituted unsafe workplace conditions and improper and unsafe equipment;

     g.      Failing to inspect equipment;

     h.      Failing to maintain equipment;

     i.      Failing to use due caution.

2.8     The Parks allege the Underlying Defendants were grossly negligent, and the Parks seek exemplary damages.

2.9     The Parks filed a wrongful death cause of action and allege they have suffered the loss of companionship and society the Parks allege they would have received had Frank Park lived.

2.10     The Parks also allege they have suffered mental anguish and pecuniary losses, which they allege they would have received in Frank Park's lifetime.

2.11  The Parks allege that because Optimum is a subscriber under the Workers' Compensation Statute, the Parks are not entitled to actual damages, but because of the Underlying Defendants' alleged gross negligence, they are entitled to the recovery of exemplary damages.

2.12   Lastly, the Parks filed a survival claim and allege that Frank Park sustained significant personal injuries and damages, including but not limited to: physical pain and suffering; mental anguish; disfigurement; and funeral and burial expenses.

## III.

## THE POLICY

3.1   As mentioned above, CSU issued Commercial General Liability policy number CSU0068933, effective from April 3, 2015 to April 3, 2016, to Optimum Steel Industries. Optimum Steel Industries is a d/b/a of T&V Optimum, LLC.  Thomas Erickson and Valerie Erickson are managing members of T&V Optimum, LLC, and thus, qualify as insureds under the Policy but only with respect to the conduct of the named insured's business.   The Policy provides, in relevant part, as follows:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

* * *

**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

   **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

---

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** Of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by  any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured  or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

\* \* \*

**2. Exclusions**

This insurance does not apply to:

\* \* \*

**g. Aircraft, Auto or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

\* \* \*

6170305v1
01238.283

**SECTION V – DEFINITIONS**

* * *

1. "Auto" means

   a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

   b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

   However, "auto" does not include "mobile equipment."

* * *

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

12. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

    a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

    b. Vehicles maintained for use solely on or next to premises you own or rent;

    c. Vehicles that travel on crawler treads;

* * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", or "personal and advertising injury to which this insurance applies are alleged.  "Suit" includes:

* * *

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

* * *

**THIS ENDORSEMENT CHANGES THE POLICY. PLEAD READ IT CAREFULLY**

**CHANGES TO COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

\* \* \*

**EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES**

A.  The following exclusion is added to Paragraph **2., Exclusions** of **Section I - Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal and Advertising Injury Liability**

   **2.  Exclusions**

   This insurance does not apply to:

   Any claim of indemnification for punitive or exemplary damages.  If a suit is brought against any insured for a claim covered by this Coverage Part, seeking both compensatory and punitive or exemplary damages, we will provide a defense to such action.  However, we will not have an obligation to pay for any costs, interest, or damages, attributable to punitive or exemplary damages. If state law provides for statutory multiple damage awards, we will pay only the amount of the award before the multiplier is added.

\* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CONTRACTORS – CHANGES TO COMMERCIAL GENERAL LIABILITY COVERAGE PART**

This endorsement modified insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

**EXCLUSION-EMPLOYER'S LIABILITY**

A.  Exclusion **e.** of Paragraph **2., Exclusions** of **Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability** is deleted and replaced by the following:

   "Bodily injury" to:

   1.  An "employee" of the insured arising out of and in the course of:

      a.  Employment by the insured; or

      b.  Performing duties related to the conduct of the insured's business; or

   2.  The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **1.** above.

6170305v1
01238.283

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

**B.** The following definitions are added and apply with respect to this endorsement:

"Employee" under this endorsement means any person who is hired for a wage, salary, fee or payment to perform work. "Employee" includes any leased worker or temporary worker, loaned worker, "volunteer worker", 1099 worker, "causal worker" or day laborer.

"Casual worker" means a person, other than a person furnished to you by a labor union, which acts at the direction of and within the scope of duties determined by any insured, and for whom any insured, or a labor leasing firm acting on behalf of any insured, does not withhold federal income taxes or pay federal unemployment.

\* \* \*

## IV.

## CLAIMS FOR DECLARATORY RELIEF

4.1    The Petition alleges Frank Park was an employee of Optimum and was working within the course and scope of his employment at the time he was injured.  The Employer's Liability Exclusion in the Policy applies to preclude coverage for "bodily injury" to an employee of the insured arising out of and in the course of employment by the insured or performing duties related to the conduct of the insured's business.    "Employee" under the Employer's Liability Exclusion means any person who is hired for a wage, salary, fee or payment to perform work and includes any leased worker, temporary worker, loaned worker, "volunteer worker" 1099 worker, "casual worker" or day laborer.  Further, Thomas Erickson and Valerie Erickson are managing members of T&V Optimum, LLC d/b/a Optimum Steel Industries, and therefore Frank Park was an employee of all Underlying Defendants and was working within the scope and course of his employment when he was injured.

4.2    The Petition alleges Frank Park was inspecting, servicing or maintaining underneath a motor vehicle at the time he was injured.  The Policy excludes coverage for "bodily injury" arising out of the ownership, maintenance, use or entrustment of any "auto" owned or

operated by or rented or loaned to any insured.  Upon information and belief, Thomas Erickson, a member of T&V Optimum LLC d/b/a Optimum Steel Industries, may have owned the vehicle that injured Frank Park.

4.3     The Parks seek exemplary damages in the Underlying Lawsuit.

4.4     CSU seeks a declaration that is has no duty to defend or indemnify Thomas Erickson, Valerie L. Erickson, and/or T&V Optimum d/b/a Optimum Steel Industries for the claims made by Virginia Park, Individually and as Representative of the Estate of Frank R. Park, Deceased, Rebecca Park, and Phillip Park in the Underlying Lawsuit because the Employer's Liability Exclusion included in the Policy applies to preclude coverage.

4.5     CSU seeks a declaration that is has no duty to defend or indemnity Thomas Erickson, Valerie L. Erickson, and/or T&V Optimum d/b/a Optimum Steel Industries for the claims made by Virginia Park, Individually and as Representative of the Estate of Frank R. Park, Deceased, Rebecca Park, and Phillip Park in the Underlying Lawsuit because the Aircraft, Auto or Watercraft Exclusion included in the Policy applies to preclude coverage.

4.6     CSU seeks a declaration that is has no duty to defend or indemnity Thomas Erickson, Valerie L. Erickson, and/or T&V Optimum d/b/a Optimum Steel Industries for the exemplary or punitive damages sought by Virginia Park, Individually and as Representative of the Estate of Frank R. Park, Deceased, Rebecca Park, and Phillip Park in the Underlying Lawsuit.

WHEREFORE, CSU seeks a declaration that CSU Commercial General Liability Policy No. CSU0068933 issued to Optimum Steel Industries, effective from April 3, 2015 to April 3, 2016, does not provide coverage for any and all claims made by the Parks in the Underlying Lawsuit, and for such other and further relief to which CSU may show itself justly entitled.

Respectfully submitted

*/s/ Harrison H. Yoss*
Harrison H. Yoss, Attorney-in-Charge
State Bar No.  22169030
hyoss@thompsoncoe.com
Samantha L. Halpern
State Bar No. 24099838
shalpern@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
214-871-8259 – Phone
214-871-8209 – Fax

**ATTORNEYS FOR PLAINTIFF**
**THE CINCINNATI SPECIALTY**
**UNDERWRITERS INSURANCE COMPANY**