10/12/2017 3:48 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-17-005705
Ruben Tamez

CAUSE NO. D-1-GN-17-005705 _____

| | | |
|---|---|---|
| VIRGINIA PARK, Individually and as | § | IN THE DISTRICT COURT |
| Representative of the Estate of Frank R. Park, | § | |
| Deceased, REBECCA PARK, and | § | |
| PHILLIP PARK, | § | |
|     Plaintiffs | § | 419TH |
| | § | ____ JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| THOMAS S. ERICKSON and VALERIE L. | § | |
| ERICKSON d/b/a T&V OPTIMUM, LLC | § | |
| d/b/a OPTIMUM STEEL INDUSTRIES, | § | |
|     Defendants | § | TRAVIS COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION,
REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES,
REQUEST FOR PRODUCTION, AND REQUEST FOR ADMISSIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW VIRGINIA PARK, Individually and as Representative of the Estate

of Frank R. Park, Deceased, REBECCA PARK, and PHILLIP PARK, hereinafter referred

to as Plaintiffs, complaining of THOMAS S. ERICKSON and VALERIE L. ERICKSON

d/b/a T&V OPTIMUM, LLC d/b/a OPTIMUM STEEL INDUSTRIES, hereinafter

referred to as Defendant, and files this their Original Petition, and for cause of action would

respectfully show the Court as follows:

## I.  DISCOVERY LEVEL

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiffs intend to conduct

discovery in this case under Level 3 as prescribed by TEXAS RULE OF CIVIL PROCEDURE

190.4. The discovery control plan should include a deadline for Defendant to designate

responsible third parties at least sixty (60) days before the expiration of any applicable statute

of limitations so that Plaintiffs have the opportunity to join any designated responsible third

parties because allowing designation and apportionment of responsibility to a party which

cannot be joined would violate the Plaintiffs' state and federal constitutional rights to due

*Plaintiffs' Original Petition, Request for Disclosure,*
*Request for Admissions, Request for Production, and Interrogatories*

EXHIBIT
A

process, equal protection, and open access to court. *See generally, e.g., Plum v. Missoula County Dist. Ct.*, 279 Mont. 363, 927 P.2d 1011 (1996).

## II.   PARTIES & SERVICE OF CITATION

a.      Plaintiffs VIRGINIA PARK, Individually and as Representative of the Estate of Frank R. Park, Deceased, REBECCA PARK, and PHILLIP PARK are individuals who resided in Caldwell County, Texas at the time of the incident that forms the basis of this lawsuit.

b.      Defendant THOMAS S. ERICKSON d/b/a T&V OPTIMUM, LLC d/b/a OPTIMUM STEEL INDUSTRIES is an individual operating as a domestic limited liability entity conducting business the State of Texas that had forfeited its corporate franchise privileges during the time of the incident made the basis of this action, and may be served with process through its registered agent for process and Managing Member Thomas S. Erickson, 10202 Spicewood Mesa, Austin, Texas 78759, by private process server.

c.      Defendant VALERIE L. ERICKSON d/b/a T&V OPTIMUM, LLC d/b/a OPTIMUM STEEL INDUSTRIES is an individual operating as a domestic limited liability entity conducting business the State of Texas that had forfeited its corporate franchise privileges during the time of the incident made the basis of this action, and may be served with process through its Managing Member Valerie L. Erickson, at 10202 Spicewood Mesa, Austin, Texas 78759, by private process server.

## III.   MISNOMER, ALTER-EGO, ASSUMED NAME

In the event any parties are misnamed or not included herein, such event was a "misnomer," or such parties are or were "alter-egos" of parties named herein. At all relevant times, the named Defendants are believed to have owned, operated, and/or done business as "T&V Optimum," "T&V Optimum Steel," "Optimum Steel," and "Optimum Steel

Industries," as assumed name businesses.   Plaintiffs bring this action, in part, against THOMAS S. ERICKSON and VALERIE L. ERICKSON d/b/a T&V OPTIMUM, LLC d/b/a OPTIMUM STEEL INDUSTRIES in their assumed names and rely upon articles 6133 *et. seq.*, Texas Revised Civil Statutes, and Rule 28, Texas Rules of Civil Procedure, in order to properly identify the Defendants.

IV.     JURISDICTION & VENUE

This suit is brought in accordance with the laws of the State of Texas, for the recovery of damages which are within the jurisdictional limits of this Court, to which Plaintiffs are entitled to receive as compensation for the injuries described below. Accordingly, this Court has jurisdiction over this matter and Travis County is the proper venue pursuant to Tex. Prac. & Rem. Code § 15.001(a) as the Defendants maintain a principal home office in Travis County, Texas. At the time of filing this lawsuit, Plaintiffs seek monetary relief over $1,000,000.00 and for judgment for all the other relief to which the parties may be justly entitled in accordance with TRCP paragraph (c) (3) of R. 47.

IV.     FORFEITED RIGHT TO CORPORATE PRIVILEGES and
INDIVIDUAL MEMBER LIABILITY

At all times material to this cause of action, Defendant T&V OPTIMUM STEEL was registered as a limited liability entity in the State of Texas, but had forfeited its right to conduct business under the protections afforded organized business entities. Consequently, pursuant to Tex. Tax Code § 171.252 and 171.255, Defendants are denied the right to sue or defend in a Texas court, and each director or officer of the entity is **individually** **liable** for each debt created or incurred during the period of forfeiture.

## V.    RESPONDEAT SUPERIOR

Whenever in this Petition it is alleged that the Defendants committed any acts or omissions, it is meant that Defendant's officers, agents, servants, employees, or representatives committed such act or omission, and that at the time such act or omission was committed, it was done with the full authorization or ratification of the Defendants or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## VI.    STATEMENT OF FACTS

On or about November 9, 2015, and at all times material to this cause of action, Frank R. Park, was an employee working in the course and scope of his employment with Defendant T&V OPTIMUM STEEL. Defendants, by and through Defendants' agents, representatives, employees, and supervisor, who were at all times acting in the course and scope of their employment and/or agency for Defendants, assigned FRANK R. PARK, Deceased to perform the tasks which lead to his death, provided the equipment involved in the incident, and provided instructions to FRANK R. PARK, Deceased concerning the performance of his job in inspecting and servicing the injury causing vehicle and equipment. Specifically, Defendant instructed Frank R. Park, Deceased, to perform inspection, servicing, or maintenance underneath a motor vehicle. The vehicle in question was elevated by one or more floor jacks only, which were equipped with no safety locks or other collapse preventative devices. Defendant neither provided, required, nor made reasonably available the use of stationary floor jacks, or shift preventative equipment. As Frank R. Park, Deceased performed his work duties as directed, the floor jack(s) collapsed, crushing his lungs, and preventing the oxygen supply to his brain, leaving him brain dead. Plaintiffs were thereby proximately caused the injuries and damages for which they now seek compensation from Defendant.

## IV. NEGLIGENCE

Plaintiffs allege that, upon the occasion in question, Defendants, jointly and severally, failed to use ordinary care in providing a safe workplace for their employees in at least one or more of the following ways:

a.    Failing to provide safe equipment;

b.    Failing to require the use of proper and safe equipment in the course and scope of work performed by Defendants' employees;

c.    Failing to provide policies requiring the use of proper and safe equipment in the course and scope of work performed by Defendants' employees;

d.    Failing to enforce policies requiring the use of proper and safe equipment in the course and scope of work performed by Defendants' employees;

e.    Requiring and/or permitting employees, including Plaintiff, to work under unsafe workplace conditions and with improper and unsafe equipment while in the course and scope of their employment;

f.    Requiring and/or permitting employees, including Plaintiff, to work under conditions that Defendants knew, or reasonably should have known, constituted unsafe workplace conditions and improper and unsafe equipment;

g.    Failing to inspect equipment;

h.    Failing to maintain equipment; and

i.    Failing to use due caution

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries damages, and subsequent death of FRANK R. PARKE, Deceased.

## ACTS OF GROSS NEGLIGENCE

Plaintiffs would show that Defendants, their agents, servants, representatives, and/or employees, were jointly and severally, grossly negligent in the following respects:

1.    Failing to provide a safe working environment;

2.     Failing to properly supervise the operation in question;

3.     Failing to provide proper automotive floor jacks/lifts;

4.     Failing to provide properly operating automotive floor jacks/lifts;

5.     Failing to provide secure and proper weight bearing stationary automotive support jack stands;

6.     Failing to provide secure and proper equipment to ensure the vehicle did not shift and/or collapse while work was being performed underneath it;

7.     Failing to warn FRANK R. PARK, Deceased of the danger of the automobile falling on him;

8.     Failing to warn FRANK R. PARK, Deceased of the danger of the automobile lift/jack collapsing;

9.     Failing to provide proper equipment designed for the purpose of safe operation underneath the vehicle;

10.    Failing to provide and/or maintain company policies regarding the safe operation by employees while underneath a vehicle;

11.    Failing to enforce company policies regarding the safe operation by employees while underneath a vehicle;

12.    Failing to train and/or instruct FRANK R. PARK, Deceased in the safe and proper method of performing the work he was doing at the time of his death;

13.    Failing to perform a safety analysis of the manner in which the work was being performed underneath the vehicle prior to the time of FRANK R. PARK, Deceased's death;

14.    Requiring FRANK R. PARK, Deceased to perform job duties within the course and scope of employment that were not within his usual and customary duties;

15.    Requiring FRANK R. PARK, Deceased to perform job duties within the course and scope of employment for which he had not been properly and/or adequately trained; and

16.    Requiring FRANK R. PARK, Deceased to perform job duties within the course and scope of employment without proper and/or adequate safety equipment.

One or more of the foregoing acts and/or omissions was gross negligence and was a proximate cause of the occurrence and damages herein. Specifically, the acts or omissions by Defendants, which, when viewed objectively from the standpoint of Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## V.    WRONGFUL DEATH AND EXEMPLARY DAMAGES

During his lifetime, FRANK R. PARK, Deceased had been a loving and devoted husband and father, respectively, to Plaintiffs VIRGINIA PARK, and REBECCA PARK and PHILLIP PARK, who have suffered the loss of companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiffs VIRGINIA PARK, REBECCA PARK, and PHILLIP PARK, in reasonable probability, would have received from their husband, and father, FRANK R. PARK, Deceased, had he lived. Plaintiffs VIRGINIA PARK, REBECCA PARK, and PHILLIP PARK have also suffered mental anguish, including the emotional pain, torment, and suffering experienced by them because of the death of their father, FRANK R. PARK, Deceased. Further, Plaintiffs VIRGINIA PARK, REBECCA PARK, and PHILLIP PARK have suffered pecuniary losses including the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value, which they would have received during the lifetime of FRANK R. PARK, Deceased. All of the foregoing injuries will continue indefinitely into the future. As a result of the fact that T&V OPTIMUM

STEEL is a subscriber under the Workers' Compensation Statute, Plaintiffs are not entitled to actual damages, but because of Defendant's gross negligence, Plaintiffs are entitled to the recovery of exemplary damages occasioned by the death of their father, FRANK R. PARK, Deceased.

## VI.    SURVIVAL

Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE § 71.021, Plaintiffs, as representatives of The Estate of FRANK R. PARK, would also show that, as a direct and proximate result of the above-mentioned collision, FRANK R. PARK sustained significant personal injuries and damages, including but not limited to:

   a.    Physical pain and suffering;

   b.    Mental anguish;

   c.    Disfigurement;

   d.    Funeral and burial expenses

## VII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to answer this petition, that upon final hearing hereof, they have judgment against Defendants, jointly and severally, for damages in an amount consistent and appropriate with Plaintiffs' losses for pre-judgment and post-judgment interest, costs of court, and for such other and further relief to which they may prove themselves justly entitled, at law or in equity.

## VIII.    REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

## IX. FIRST SET OF INTERROGATORIES

Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested

to answer, within fifty (50) days of service of this request, the following Interrogatories.

### Preliminary Statement

1.   The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2. You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3.   You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4.   Whenever an interrogatory requests the identification of a document or documents, please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5.   If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiffs and you, you may specify the records from which the answer may be obtained.

### Definitions & Abbreviations

Plaintiffs set forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiffs provide the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendant fully and accurately understands the objectives of Plaintiffs' discovery efforts and (2) to simplify and assist the Plaintiffs in Plaintiffs' efforts to locate and furnish the relevant information and documents. It is expressly stipulated and agreed by Plaintiffs that an affirmative response on the part of Defendant will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on Defendant.

A. DEFENDANT: As used herein, the term "Defendant" means T&V OPTIMUM, LLC D/B/A OPTIMUM STEEL INDUSTRIES, its representatives, agents, employees, and counsel.

B. MULTIPLE PART ANSWERS: Where an individual interrogatory calls for an answer which involves more than one part or subpart, each part of the answer should be set

*Plaintiffs' Original Petition, Request for Disclosure,*
*Request for Admissions, Request for Production, and Interrogatories*

*Page 9 of 26*

forth separately so that it is clearly understandable and responsive to the respective interrogatory or subpart thereof.

**C. YOU OR YOUR:** Where the term "you or your" is used in the interrogatories or instructions, it is meant to include the person(s) referenced in definition "A" above.

**D. WRITING OR WRITTEN:** The term "writing" or "written" are intended to include, but not necessarily be limited to the following: hand writing, type writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

**E. DOCUMENT(S):** The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**F. PERSON:** "Person" as used herein means an individual, corporation, partnership, association, trust, governmental entity, and any otherwise described entity.

**G. PERSON(S) IDENTITY:** When an interrogatory requests that you identify a person please state:

1. His or his full name;
2. His or his present or last known address;
3. His or his present employers name and address; and
4. His or his occupational position or classification.

## H. "IDENTIFY" or "IDENTIFICATION":

1. As to a person: When used in reference to a person or individual, the terms "identify" or "identification" mean to state his/her full name, address, and telephone number.

*Plaintiffs' Original Petition, Request for Disclosure,*
*Request for Admissions, Request for Production, and Interrogatories*

*Page 10 of 26*

2.   As to an entity: The terms "identify" or identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

3.   As to a document: When used in reference to a document, the terms "identify" or "identification" shall include the following:

a.   The title, heading or caption of such document.

b.   The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.

c.   A general description of the document.

d.   The name of the person who signed the document or statement that it was unsigned.

e.   Name of the person or persons who prepared the document.

f.   Name of the person or persons to whom the document was addressed and to whom the document was sent.

g.   The physical location of the document.

4.   As to a statement: When used in reference to a statement, the terms "identify" or "identification" shall include who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.

5.   To any other tangible thing: When used in reference to any other tangible thing, the terms "identify" or "identification" mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

**I. INCIDENT IN QUESTION:** The term "incident" or "incident in question" or similar reference as used herein refers to the Incident or Incident in Question described in Plaintiffs' Original Petition and any amendments or supplements thereto, unless otherwise defined herein, and which forms the subject matter in this suit.

**J. INCIDENT IN QUESTION:** The term "incident" or "incident in question" or similar reference as used herein refers to the Incident or Incident in Question described in Plaintiffs' Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**K. "STATEMENTS"** includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**L.   VEHICLE IN QUESTION:**   The term "vehicle in question" means the vehicle on which FRANK R. PARK, Deceased was performing work/service at the time of the incident in question.

## Interrogatories

1. For any person, other than legal counsel, providing answers and responses to these Interrogatories, state your full and complete name, any nicknames you have used, or been known by, date of birth, the last four digits of your social security number, job title and position within any business entity named as a party to this action, your present home address, telephone number and, if different, your complete home address and telephone number at the time of the incident in question.

2. Describe in your own words how the Incident in Question occurred and state specifically what the claim or contention of the Defendant will be regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

3. If you contend that any other person or entity is responsible for the incident and/or damages alleged by the Plaintiff, please state, with reasonable particularity, each person or entity which you believe is wholly or partially responsible and the factual basis upon which you base that contention.

4. Please list the names, last known address, last known telephone number, and last known employer of each person who was employed by Defendant at the location where the incident occurred from January 1, 2015 to the date of the incident made the basis of this lawsuit.

5. Please state, with reasonable particularity, any representations, statements, declarations or admissions made by the Plaintiff or any representative of the Plaintiff which are contrary to the Plaintiff's allegations in this lawsuit or which will be used for impeachment purposes.

6. Please state, with reasonable particularity, for three years prior to the incident made the basis of this lawsuit, what sort of safety training were employees are required to go through or participate in as part of their employment with Defendant regarding safety and handling of automotive floor jacks, lifts, and stationary jack stands.

7. If any employee has filed a claim and/or lawsuit against Defendant for injuries they have received on the job from January 1, 2009 to the date of the incident made the basis of this lawsuit where an employee was hurt by automotive floor jacks, lifts, and stationary jack stands or any other kind of similar work material/object, please state, with reasonable particularity, the name of each such employee, last known address and last known telephone number of such employee, the date of any incident where it is alleged that such employee was injured, the attorney for any such employee, the style and cause number of any lawsuit filed and the disposition of any such claim or lawsuit.

*Plaintiffs' Original Petition, Request for Disclosure,*
*Request for Admissions, Request for Production, and Interrogatories*

*Page 12 of 26*

8.  Please state the name, last known address, last known telephone number, last known employer, last four digits of social security number, Texas driver's license number, and Texas I.D. number of each person who was actually working at any time for Defendant at the location where the incident occurred on the date of the incident made the basis of this lawsuit.

9.  Please describe, with reasonable particularity, on the date of this incident, the method in which the Defendant keeps track of employee injuries including how those injuries occurred, the date of the injury and the nature and extent of the injury.

10. Please state your understanding regarding your requirements to maintain an OSHA 200 log on the date of the incident made the basis of this lawsuit.

11. Please state the earliest date you anticipated that litigation would arise from the incident made the basis of this lawsuit and, with reasonable particularity, all the reasons that you anticipated that the litigation would arise.

12. On the date of the incident made the basis of this lawsuit, please describe what sort of active safety and health program you had in operation that would deal with general safety and health program elements as well as the management of hazards specific to the work site where the Plaintiff normally worked or where the injury occurred.

13. Please state the name, last known address, last known telephone number, and last four digits of their social security number for the persons, managers, supervisors, company personnel, or committee members who were responsible for the overall activities of the health and safety programs for the location where the incident made the basis of this lawsuit occurred and on the date of the incident made the basis of this lawsuit.

14. On the date of the incident made the basis of this lawsuit and for the location of the incident, please describe any working procedures for handling in-house employee complaints regarding safety and health issues.

15. Excluding counsel, identify by name, employer, business address, job title and telephone number the person(s) who is participating in, providing information, providing documentation or contributing to: 1) the answering of these interrogatories; and 2) the responses to these requests for production.

16. Please state the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on the date(s) of the incident(s) made the basis of the Plaintiffs' claims against you and the policy number(s), amount(s) or limit(s) of coverage which you contend apply to such incident(s).

    a.)  If any coverage limit is an aggregate limit, please state whether such limit has been reduced by any other claims and, if so, the amount of such reduction.
    b.)  If any deductible or self-insured retention applies, please state the amount of same.

*Plaintiffs' Original Petition, Request for Disclosure,*
*Request for Admissions, Request for Production, and Interrogatories*

*Page 13 of 26*

17. Did anyone, after the incident in question occurred, make a recording, either in writing or by use of electronic recording equipment of your version of the Incident in Question either in person or by telephone? If so, please identify each such person, their title, and organization to which they are employed or associated, and the approximate date, time and location of each such occurrence indicating the method utilized in recording their version of the incident. Identify the Custodian of such statement(s).

18. Please state the name, address, and telephone number of any expert(s) with whom you or your attorneys have consulted, but whom you do not intend to call as an expert witness in this case or whom you have not decided to call as an expert witness in this case, but whose opinion(s) and/or impression(s) have been reviewed by any expert who is to be called as a witness at the trial of this case.

## X. REQUEST FOR PRODUCTION

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to produce, within fifty (50) days of service of this request, the following information. Demand is hereby made for supplementation of the Defendant's responses to this Request for Production as required by TEXAS RULE OF CIVIL PROCEDURE 193.5.

### Definitions & Instructions

For purposes of the following Requests, the following definitions and instructions apply:

"You", "Your" and "Defendant" means and refers to T&V OPTIMUM, LLC D/B/A OPTIMUM STEEL INDUSTRIES, as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"Incident in Question" and "Incident in Question" means and refers to the incident described in Plaintiffs' Original Petition and any amendments or supplements thereto.

"Vehicle in Question" means and refers to the vehicle driven by T&V OPTIMUM, LLC D/B/A OPTIMUM STEEL INDUSTRIES, involved in the Incident in Question.

"Document" means and includes writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or

other information storage or retrieval systems.  If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

"Custodian" means the person or entity with care, custody, control of the item or document that is subject of inquiry.  A request to identify the custodian of any item or document is a request to provide the name, address and telephone number of said custodian.

"Photograph" means and includes any motion picture, still picture, transparency, videotape, drawing, sketch, electronic image, negatives or any other recording of any non-verbal communication in tangible form.

You are not asked to divulge or provide any information or documents which are privileged in nature.  However, for each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim or privilege or other ground for exclusion.
If a requested document once was but is no longer in the possession, custody or control of Defendant or any of its representatives, state what disposition was made of such document.

If any of these requests cannot be responded to in full, please respond to the extent possible, specifying the reason for Defendant's inability to fully respond, and stating whatever information or knowledge Defendant has concerning the portion to which Defendant cannot fully respond.

Pursuant to *Overall v. Southwestern Bell Yellow Pages*, a party is required to send the documents to the requesting party along with a copy of the response.  Unless there are thousands of documents, a party is not permitted to merely make documents available at a specific location. 869 S.W.2d 629 (Tex. App.–Houston [14th Dist.] 1994).

### Requests for Production

1.     Any and all photographs or other electronic images that contain images of the underlying facts or that Defendant intends to offer into evidence at trial.

2.     Any and all photographs, movies, videotapes or other visual reproductions that Defendant has of the parties, persons with knowledge of relevant facts, the facilities, mechanisms or items involved, or scene of the Incident in Question.

3.  All published documents, treatises, periodicals or pamphlets on the subject of medicine, incident reconstruction, any engineering field, and any other area of scientific study that you claim to be a reliable authority which may be used by you at trial.

4.  All published documents, treatises, periodicals or pamphlets on the subject of medicine, incident reconstruction, any engineering field, and any other area of scientific study that any testifying expert claims to be a reliable authority which may be used by you at trial.

5.  All published documents, treatises, periodicals or pamphlets on the subject of medicine, incident reconstruction, any engineering field, and any other area of scientific study that any testifying expert has relied, or will rely, upon to support their opinions and mental impressions.

6.  All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

7.  All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts have relied, or will rely, upon to support their opinions and mental impressions.

8.  All documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards that any of your testifying experts claim to be reliable authority which may be used at the time of trial.

9.  A copy of any contract of employment that would govern Frank R. Park, Deceased's relationship with any other entity or bear on the issue of "course and scope of employment" for which he was employed at the time of the Incident in Question.

10. Copies of any and all statements made by Plaintiffs concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Plaintiffs and any stenographic, mechanical, electrical or other type of recording or any transcription thereof.

11. Any written, taped or mechanically recorded or reproduced statement made of any Defendant, Plaintiffs, or witness, including copies of the original recordings, as well as any transcripts derived therefrom.

12. Any and all statements made by the Defendant regarding the Incident in Question to his/her insurance company, its employees, agents, independent contractors, adjusters, or representatives, not including statements made to Defendant's attorney.

13. Any and all drawings, surveys, plats, maps or sketches of the scene of the Incident in Question.

14. Any document, photographs, or other physical evidence that will be used or offered at trial.

15. All documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action.

16. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers in the ordinary course of business.

17. The entire claim and investigation file, including but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the Incident in Question generated or obtained by Defendant, Defendant's agents, or Defendant's insurers before Plaintiffs filed Plaintiffs' Original Petition with the court.

18. Please produce any and all correspondence, communications, letters, notes of oral conversations, and all other documents or writings sent to or received from or exchanged by and between you and your insurance carrier concerning the subject matter of this lawsuit, including, but not limited to, any damage to you, the vehicle in which you were riding, damage to any personal property, and any personal injuries.

19. All documents, correspondence, memoranda, notes, or e-mails regarding communications between your insurance company and the Plaintiffs' insurance company or companies regarding the Incident in Question and/or Plaintiffs.

20. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the Incident in Question including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

21. Any documents, reports, photographs, or other written records pertaining to any investigation of the Incident in Question.

22. All documents regarding all other claims being currently made against Defendant's insurance policies for the Incident in Question other than by Plaintiffs.

23. Any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party Defendant to this suit or its representatives, agents, or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

> a. The Incident in Question;
> b. Plaintiffs' damages;
> c. The presentation of any testimony;
> d. Whether or how to conduct any cross-examination;
> e. The performance of discovery; and/or
> f. The presentation of any defense, excuse, or inferential rebuttal.

24. Copies of any document or statement that any witness of Defendant will use or you anticipate may use to refresh his or his memory, either for deposition or trial.

25. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at trial. .

26. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

27. Any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of relevant facts named in discovery information provided by or to you before trial. Please include the name of the person convicted, the offense for which he or he was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

28. Any and all calendars, journals, diaries, logs, or notes kept by Defendant covering the month of the Incident in Question.

29. All documents regarding Plaintiffs' employment history, status, performance, or compensation obtained by Defendant via an authorization signed by Plaintiffs, subpoena, deposition on written questions, or otherwise.

30. All documents regarding Plaintiffs' medical status, treatment or history obtained by Defendant via an authorization signed by Plaintiffs, subpoena, deposition on written questions, or otherwise.

31. All documents regarding Plaintiffs' financial status, earnings history, and tax payment history obtained by Defendant via an authorization signed by Plaintiffs, subpoena, deposition on written questions, or otherwise.

32. All documents regarding Plaintiffs' claims history obtained by Defendant via an authorization signed by Plaintiffs, subpoena, deposition on written questions, or otherwise.

*Plaintiffs' Original Petition, Request for Disclosure,*
*Request for Admissions, Request for Production, and Interrogatories*

*Page 18 of 26*

33.   · All documents, records, reports, notations, or memoranda regarding Plaintiffs from persons or entities that compile claim information, to include but not limited to, insurance claims, unemployment claims, social security claims, and worker's compensation claims.

34.   All statements or documents that show the identity of any witness to the Incident in Question, or any person with knowledge of relevant facts concerning the Incident in Question, the events leading up to it, or any damage sustained by Plaintiffs.

35.   All documents and tangible things which support your contention that:

   a.   any act or omission on the part of Plaintiffs caused or contributed to the Incident in Question;

   b.   any factor, other than a. above, contributed to or was the sole cause of the Incident in Question, including but not limited to, acts or omissions of negligence of any other party or parties, or potential third-party Defendant, sudden emergency, unavoidable incident, mechanical defect, or act of God;

   c.   any factor caused or contributed to the Plaintiffs' damages, including but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of Plaintiffs;

   d.   any or all of the medical expenses incurred by Plaintiffs for treatment of injuries allegedly resulting from the Incident in Question were not reasonable and/or necessary;

   e.   Plaintiffs' injuries were not the result of or caused by the Incident in Question.

36.   The purchase, lease, or rental documents regarding the equipment or instruments involved in the deceased Plaintiff's injury on the date of the accident made the basis of this lawsuit.

37.   The operator's or user's manual for the equipment or instruments involved in Plaintiff's injury on the date of the accident made the basis of this lawsuit.

38.   All records showing what materials Defendant possessed or possesses in connection with the purchase, lease or rental of the equipment or instruments involved in Plaintiff's injury on the date of the accident made the basis of this lawsuit.

39.   All documents showing whether Defendant owned, operated, maintained and controlled the equipment or instruments involved in Plaintiff's accident on the date of the accident made the basis of this lawsuit.

40.·   All photographs, diagrams, schematics, drawings and visual images of the equipment or instruments involved in Plaintiff's accident on the date of the accident made the basis of this lawsuit.

41.   All warranty, inspection, maintenance, repair, replacement and service documents regarding the equipment or instruments involved in Plaintiff's accident on the date of the accident made the basis of this lawsuit from the time the equipment came into the possession of Defendant until present.

42.   Please provide any documentation regarding certifications that any person had for the piece of equipment involved in the incident made the basis of this lawsuit and for the person who was actually operating the equipment when the incident made the basis of this lawsuit occurred and which would cover such certification for that individual for the incident made the basis of this lawsuit in accordance with 29 CFR 1910.178.

43.   Please produce all equipment, tools, instruments or other tangible items involved in the incident made the basis of this lawsuit.

44.   For two years prior to the date of the incident made the basis of this lawsuit and the location where this incident occurred, please describe your efforts to assess the workplace to determine if hazards that require the use of personal protective and safety equipment were present or were likely to be present and what steps were taken to ensure that personal protection equipment was used.

45.   Please provide any documentation showing your policies and procedures regarding personal protective and safety equipment in force and effect on the date of the incident made the basis of this lawsuit. This use of personal protective and safety equipment may include floor jacks, jack stands, tire/wheel chocks, face shields, safety glasses, gloves, vests, and similar safety protective equipment and would be used in regard to employee contact with physical, electrical, mechanical, or other work place hazards.

46.   Please provide any documentation regarding the use of personal protective and safety equipment in force and effect on the date of the incident made the basis of this lawsuit.

47.   Please provide any documentation regarding the use of personal protective and safety equipment in force and effect on the date of the incident made the basis of this lawsuit and in accordance with Title 29 of the Code of Federal Regulations, Part 1910, Subpart I.

48.   Please provide any documents regarding your policy to determine if hazards that require the use of personal protective and safety equipment were present or were likely to be present and in use on the date of the incident made the basis of this lawsuit and at the location of the incident made the basis of this lawsuit.

49.   Please produce any equipment and/or instrumentalities involved in the incident made the basis of this lawsuit.

*Plaintiffs' Original Petition, Request for Disclosure,*
*Request for Admissions, Request for Production, and Interrogatories*

*Page 20 of 26*

50.    Please provide any documents received from any non-parties in accordance with Texas Rules of Civil Procedure, Rule 205.

51.    Please provide any documents received from any third party pursuant to Texas Rules of Civil Procedure, Rule 200.

52.    All documents, records, reports, notations, or memoranda regarding the Plaintiff from person or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau and all similar persons or entities.

53.    Please provide a copy of the OSHA 200 log from January 1, 2012 to the date of the incident made the basis of this lawsuit for the location where this incident occurred.

54.    Please provide any documentation regarding any hazardous assessment which you did two years prior to the date of the incident made the basis of this lawsuit to determine what hazards are present and that required the use of personal protective equipment in accordance with 29 CFR 1910.132.

55.    Please provide any documentation regarding your policies and procedures in effect on the date of the incident made the basis of this lawsuit regarding the keeping of records of work related accidents, injuries, illnesses – and their causes, the posting of annual summaries for the required period of time for such work related accidents, injuries and illnesses.

56.    Please provide documentation which would support your contention that your business is exempt from the OSHA requirements regarding the keeping of records on work related accidents, injuries, and illnesses.

57.    Please provide copies of any OSHA or safety posters which were posted on the date of the incident made the basis of this lawsuit and informing employees of their rights and responsibilities regarding work place injuries and accidents.

58.    Please provide any documentation in force and effect on the date of the incident made the basis of this lawsuit regarding your employee's access to the medical and exposure records.

59.    Please provide documentation regarding OSHA standards, regulations and requirements in effect on the date of the incident made the basis of this lawsuit and relevant to this cause.

60.    Please provide documentation regarding emergency procedures and in force and effect on the date of the incident made the basis of this lawsuit and at the location of the incident made the basis of this lawsuit.

61.    Please provide documentation regarding your policies and procedures on the date of the incident made the basis of this lawsuit regarding employee inspection of the log

of work related injuries and illnesses (OSHA 300) on the date of the incident made the basis of this lawsuit.

62.   Please provide copies of any OSHA Form 300 (log of work related injuries and illnesses) which relate to the incident made the basis of this lawsuit.

63.   Please provide copies of any OSHA Form 301 which relate to the incident made the basis of this lawsuit.

64.   Please provide copies of any OSHA Form 300A which relate to the incident made the basis of this lawsuit.

## XI.   REQUEST FOR ADMISSIONS

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to answer, within fifty (50) days of service of this request, the following Requests for Admissions.

### Definitions

For purposes of the following Requests, the following definitions apply:

"You," "Your," and "Defendant" means and refers to T&V OPTIMUM, LLC D/B/A OPTIMUM STEEL INDUSTRIES.

"Incident in Question" means and refers to the incident referred to in Plaintiffs' Original Petition and any amendments or supplements thereto.

"Vehicle in Question" refers to the automobile driven by T&V OPTIMUM, LLC D/B/A OPTIMUM STEEL INDUSTRIES, involved in the Incident in Question.

### Requests for Admission

1.   Admit that the Incident in Question occurred on November 9, 2015, in Caldwell County, Texas.

2.   Admit that on November 9, 2015, you were involved in an incident with a vehicle being inspected or serviced by Frank R. Park, Deceased.

3.   Admit that you owned the vehicle being inspected or serviced by Frank R. Park, Deceased, at the time of the Incident in Question.

*Plaintiffs' Original Petition, Request for Disclosure,*
*Request for Admissions, Request for Production, and Interrogatories*

*Page 22 of 26*

4.    Admit that your family member owned the vehicle being inspected or serviced by Frank R. Park, Deceased, at the time of the Incident in Question.

5.    Admit that your managing member was the father of the individual who owned the vehicle being inspected or serviced by Frank R. Park, Deceased, at the time of the Incident in Question.

6.    Admit that Frank R. Park, Deceased, was your employee at the time of the Incident in Question.

7.    Admit that Frank R. Park, Deceased, was working within the course of his employment with you at the time of the Incident in Question

8.    Admit that Frank R. Park, Deceased, was working within the scope of his employment with you at the time of the Incident in Question.

9.    Admit that Frank R. Park, Deceased, was working at your direction at the time of the Incident in Question.

10.   Admit that Frank R. Park, Deceased, was working under your supervision at the time of the Incident in Question.

11.   Admit that Frank R. Park, Deceased, was working under your control at the time of the Incident in Question.

12.   Admit that the work being performed by Frank R. Park, Deceased, at the time of the Incident in Question was being conducted on your premises.

13.   Admit that you knew that the work being performed by Frank R. Park, Deceased, at the time of the Incident in Question was being conducted on your premises.

14.   Admit that the work being performed by Frank R. Park, Deceased, at the time of the Incident in Question was being conducted in plain sight of you, your agents, employees, and supervisors.

15.   Admit that the work being performed by Frank R. Park, Deceased, at the time of the Incident in Question was not within his ordinary job duties.

16.   Admit that you knew that the work being performed by Frank R. Park, Deceased, at the time of the Incident in Question was not within his ordinary job duties.

17.   Admit that the work being conducted by Frank R. Park, Deceased, at the time of the Incident in Question was not that for which he had been trained by you to perform.

18.   Admit that you knew that the work being conducted by Frank R. Park, Deceased, at the time of the Incident in Question was not that for which he had been trained by you to perform.

19.   Admit that you were responsible for the proper maintenance of the equipment being used at the time of the Incident in Question.

20.   Admit that the vehicle under which Frank R. Park, Deceased was working at the time of the Incident in Question was supported only by one of more floor jacks.

21.   Admit that you knew that the vehicle under which Frank R. Park, Deceased was working at the time of the Incident in Question was supported only by one of more floor jacks.

22.   Admit that working underneath a vehicle supported only by one of more floor jacks is dangerous.

23.   Admit that you knew that working underneath a vehicle supported only by one of more floor jacks was dangerous at the time of the Incident in Question.

24.   Admit that working underneath a vehicle supported only by one of more floor jacks is inherently dangerous.

25.   Admit that you knew that working underneath a vehicle supported only by one of more floor jacks was inherently dangerous at the time of the Incident in Question.

26.   Admit that working underneath a vehicle unsupported by stationary jack stands is dangerous.

27.   Admit that you knew that working underneath a vehicle unsupported by stationary jack stands was dangerous at the time of the Incident in Question.

28.   Admit that working underneath a vehicle unsupported by stationary jack stands is inherently dangerous.

29.   Admit that you knew that working underneath a vehicle unsupported by stationary jack stands was inherently dangerous at the time of the Incident in Question.

30.   Admit that you failed to provide proper safety equipment at the time of the Incident in Question.

31.   Admit that your failure to provide proper safety equipment was a cause of the Incident in Question.

32.   Admit that you failed to enforce company safety procedures at the time of the Incident in Question.

33.   Admit that your failing to enforce company safety procedures was a cause of the Incident in Question.

34.   Admit that you failed to exercise ordinary care at the time of the Incident in Question.

35.   Admit that your failure to exercise ordinary care was a cause of the Incident in Question.

36.   Admit that your negligence was a proximate cause of the Incident in Question.

37.   Admit that your negligence resulted in Plaintiffs' incurring damages.

38.   Admit that your gross negligence was a proximate cause of the Incident in Question.

39.   Admit that your gross negligence resulted in Plaintiffs' incurring damages.

40.   Admit that the incident was not a result of a sudden emergency.

41.   Admit that the incident was avoidable.

42.   Admit that Plaintiffs' actions at the time of the incident were prudent and reasonable.

43.   Admit that Plaintiffs committed no act or omission that proximately caused or contributed to the incident in question.

44.   Admit that you had liability insurance at the time of the incident.

45.   Admit that the Incident in Question was covered by insurance at the time of the incident.

*Plaintiffs' Original Petition, Request for Disclosure,*
*Request for Admissions, Request for Production, and Interrogatories*

*Page 25 of 26*

Respectfully Submitted,

**THE CARLSON LAW FIRM, P.C.**
1717 North Interstate Highway 35, Suite 305
Round Rock, Texas 78664
512-671-7277 [Tel.]
512-238-0275 [Fax]

Jaime M. Lynn
State Bar Number: 00796973
jlynn@carlsonattorneys.com
Robbye D. Bryan
State Bar Number: 24073535
rbryan@carlsonattorneys.com
Roberto T. Flores
State Bar Number: 24074211
rflores@carlsonattorneys.com

*Plaintiffs' Original Petition, Request for Disclosure,*
*Request for Admissions, Request for Production, and Interrogatories*

*Page 26 of 26*